United States District Court
Southern District of Texas
**ENTERED**
July 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ABRAHAM FLORES CARRANZA,            §
                                    §
                Petitioner,         §
                                    §
v.                                  §       CIVIL ACTION NO. H-26-4129
                                    §
RAYMOND THOMPSON, et al.,           §
                                    §
                Respondents.        §

## MEMORANDUM OPINION AND ORDER

Abraham Flores Carranza ("Petitioner"), who is a citizen of Mexico, entered the United States without inspection in 2011.[1] Petitioner was detained by Immigration and Customs Enforcement in February of 2026.[2]  On February 24, 2026, Petitioner was served with a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3]  On May 12, 2026, an immigration judge ordered Petitioner removed to Mexico and denied Petitioner's application

---

[1]Motion to Dismiss for an Abuse of the Writ, or Alternatively Response to the Petition for Writ of Habeas Corpus ("Respondents' MSJ"), Docket Entry No. 10, p. 3.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id.

[3]Notice to Appear, Exhibit A to Respondents' MSJ, Docket Entry No. 10-1, pp. 1, 4.

for cancellation of removal and adjustment of status.[4]  Petitioner has appealed that decision and remains in immigration custody.[5]

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition") (Docket Entry No. 1).[6]  Petitioner argues that his detention without a bond hearing violates due process.[7]  Petitioner also argues that his detention is unlawful because it is causing humanitarian, medical and family hardships.[8]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5).[9]

---

[4]Respondents' MSJ, Docket Entry No. 10, pp. 3-4.

[5]Id. at 4.

[6]Petitioner, through Elizabeth Zuniga, has also filed an Emergency Motion for Immediate Release (Docket Entry No. 3) and an Emergency Motion to Prevent Transfer (Docket Entry No. 4).  These motions will be dismissed because the court lacks subject matter jurisdiction over them.  Next-friend filings will be recognized only when the next-friend (1) "provide[s] an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action," (2) establishes she is "truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate," and (3) establishes that she "ha[s] some significant relationship with the real party in interest." Whitmore v. Arkansas, 110 S. Ct. 1717, 1727 (1990).  Although "[t]he burden is on the 'next-friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court," Zuniga fails to allege any of the elements required to represent Petitioner as next of friend. Id.  The court therefore lacks subject matter jurisdiction over her filings. In re United Operating, LLC, 540 F.3d 351, 354-55 n.1 (5th Cir. 2008).

[7]Habeas Petition, Docket Entry No. 1, pp. 6-7.

[8]Id.

[9]Although Respondents' Response is not titled as a Motion for Summary Judgment, Respondents' Response requests that this court
(continued...)

Respondents argue that Petitioner is legally detained under §
1225(b)(2) because he is an applicant for admission.[10]  Petitioner
has filed a reply.[11]

Because "presence without admission deems [Petitioner] to be
[an] applicant[] for admission," Petitioner is subject to mandatory
detention under § 1225(b)(2).  Buenrostro-Mendez v. Bondi, 166
F.4th 494, 498, 502 (5th Cir. 2026).  This mandatory detention
does not violate substantive or procedural due process.  As
explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-
5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court
has made clear that "'[d]etention during removal proceedings is a
constitutionally permissible part of that process.'"  Id. at *2

---

[9](...continued)
grant summary judgment.  Respondents' MSJ, Docket Entry No. 10, p.
1.

[10]Id.  Respondents also argue that Petitioner's Habeas Petition
should be dismissed because it is duplicative of a prior habeas
petition that was denied by this court.  Id.  However, Petitioner's
prior habeas petition was denied without prejudice.  Carranza v.
Thompson, CIVIL ACTION NO. 4:26-CV-01896, at *1 (S.D. Tex. Mar. 25,
2026).  "The [c]ourt need not [address this] argument[], however,
because . . . 'a dismissal without prejudice is not an adjudication
on the merits and thus does not have a res judicata effect.'"  Rose
v. Grappler Pressure Pumping, LLC, 721 F.Supp.3d 510, 513 (W.D.
Tex. 2024) (quoting Rolls-Royce Corp. v. Heros, Inc., 576 F.Supp.2d
765, 776 (N.D. Tex. 2008)).

[11]Petitioner's Reply to Respondents' Motion to Dismiss for
Abuse of the Writ, or Alternatively, Response to the Petition for
Writ of Habeas Corpus, and Notice of Intervening Binding Fifth
Circuit Authority, Docket Entry No. 11.  Petitioner argues in his
reply that he is entitled to a bond hearing based on the Fifth
Circuit's recent opinion in Rodriguez v. Ortega, No. 26-50183, 2026
WL 1906557 (5th Cir. Jul. 2, 2026).  Id. at 1-2.  However, that
opinion has been vacated.  Rodriguez v. Ortega, No. 26-50183, 2026
WL 2014647 (5th Cir. Jul. 10, 2026).

-3-

(quoting <u>Demore v. Kim,</u> 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in <u>Jacobo-Ventura v. Dickey,</u> Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

To the extent Petitioner is arguing that he is entitled to be released from custody for humanitarian reasons, his claims are without merit. The fact that his "detention is causing financial and emotional harm to his family . . . do[es] not entitle him to release under § 2241." <u>Shcherbinin v. Rice,</u> CIVIL DOCKET NO. 1:25-CV-01496, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025). Moreover, Petitioner's claim regarding the conditions of his confinement are "not cognizable under the court's 28 U.S.C. § 2241 habeas jurisdiction." <u>Francois v. Garcia,</u> 509 F.Supp.3d 668, 673 (S.D. Tex. 2020).

For the reasons explained above, Respondents' Motion for Summary Judgment is **GRANTED**, Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**, and Petitioner's Emergency Motion for Immediate Release (Docket Entry No. 3) and Emergency Motion to Prevent Transfer (Docket Entry No. 4) are **DISMISSED** for lack of subject matter jurisdiction.

-4-

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 21st day of July, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE